IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **KIM ELANE HUNT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:11-cv-00261 |
| **BAC HOME LOANS SERVICING, LP;** | § | |
| **BARRETT DAFFIN FRAPPIER** | § | |
| **TURNER & ENGEL, L.L.P.; and** | § | |
| **FEDERAL HOME LOAN** | § | |
| **MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P'S MOTION FOR SUMMARY JUDGMENT

Defendant Barrett, Daffin Frappier Turner & Engel, L.L.P., (hereinafter "Barrett Daffiin" or "Defendant") files this motion for summary judgment. Defendant seeks final summary judgment on each of the claims asserted by Kim Elane Hunt ("Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Defendant shows as follows:[1]

### I. SUMMARY OF ARGUMENT

The central issue in this suit is the September 7, 2010 foreclosure sale of the property located at 7759 Farm Road 893, Portland, Texas 78374 (the "Property"). Plaintiff's allegations and remaining causes of action in her Third Amended Original Complaint (Doc. 25) ("Third Complaint") challenge the foreclosure on mere technicalities, despite the fact Plaintiff has failed to pay her mortgage since April 2009, and was properly notified of her default yet failed to bring

---

[1] Defendant incorporates herein and joins the Motion for Summary Judgment filed by Co-Defendants Bank of America, N.A. and Federal Home Loan Mortgage Corporation ("Freddie Mac").

her loan current prior to the foreclosure sale.  Plaintiff contends that on some unspecified date prior to the foreclosure sale, "she applied for a modification of her loan and [never] received anything in writing declining her request for a modification."[2]  Plaintiff alleges she contacted Bank of America, N.A. ("BANA"), the holder of her mortgage, prior to the September 7, 2010 sale date and "was promised that the . . . sale would be canceled[.]"[3]  She also claims she received two "Notice(s) of Substitute Trustee Sale" before BANA had obtained a foreclosure order from the court authorizing sale.[4]  There is no evidence, however, plaintiff was ever told she qualified for a modification or that the September sale would be postponed.  There is also no evidence the Property was set for foreclosure sale prior to the entry of the state court order authorizing the foreclosure.

Plaintiff's remaining claims fail for the reasons that:

1. There is no evidence of a procedural defect in the foreclosure proceedings, a grossly inadequate selling price, or a causal link between the procedural defect and the selling price, all of which are needed to establish a claim for wrongful foreclosure,

2. There is no evidence supporting Plaintiff's claim for trespass to try title, for which she must: (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned,

3. There is no evidence of an actionable representation, intent, reliance or damages, all of which are needed to establish a claim for fraud,

4. Plaintiff cannot establish a violation of the TDCA because she lacks any evidence Barrett Daffin misrepresented the character, extent or amount of her debt, made any

---

[2] Third Complaint at 4.
[3] *Id*. at 6.
[4] *Id*. at 3.

misrepresentations concerning her debt in a judicial or governmental proceeding, threatened to take an action prohibited by law, or used any false or deceptive means to collect her debt,

5. A notice of substitute trustee's sale is not, as a matter of law, a court record, claim or lien under § 12.002 of the Texas Civil Practice and Remedies Code, and

6. Plaintiff cannot base any of her claims on the Home Affordable Modification Program ("HAMP") guidelines because HAMP does not provide a private right of action.

## II. SUMMARY JUDGMENT EVIDENCE

In support of this motion, Defendant relies upon and incorporates by reference the following summary judgment evidence, which is contained in the attached Appendix:

**APPENDIX EXHIBIT 1**: Declaration of Leslie A. Utiger
**APPENDIX EXHIBIT 2**: True and correct copy of Defendant Bank of America, N.A.'s First Requests for Admission, Interrogatories and Requests for Production of Documents to Plaintiff Kim Elane Hunt
    **EXHIBIT 2-A**: Texas Home Equity Security Instrument
    **EXHIBIT 2-B**: Texas Home Equity Note
    **EXHIBIT 2-C**: Notice(s) of Default to Plaintiff
    **EXHIBIT 2-D**: Notice(s) of Acceleration to Hunt

Defendants further incorporate all pleadings, affidavits, stipulations of the parties, and authenticated public records on file with the Court.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS AND PROCEDURAL BACKGROUND

On March 27, 2008, Plaintiff executed a Texas Home Equity Security Instrument ("Deed of Trust") granting a first lien against the Property.[5] The Deed of Trust secured repayment of a Texas Home Equity Note ("Note") executed by Plaintiff in the original principal amount of $417,000.00.[6]

---

[5] Defendant Bank of America, N.A.'s First Requests for Admission, Interrogatories and Requests for Production of Documents to Plaintiff Kim Elane Hunt ("BANA's Discovery Requests"), **APPENDIX EXHIBIT 2** at 4, RFA No. 4; Deed of Trust, **APPENDIX EXHIBIT 2-A**.

[6] *See* **APPENDIX EXHIBIT 2** at 5, RFA No. 6; *see also* Note, **APPENDIX EXHIBIT 2-B**.

Plaintiff defaulted on the Loan by failing to make the required payments.[7] BANA served Plaintiff with notice the Loan was in default, that she had 30 days to cure the default and that, if the default was not cured within 30 days, the maturity of the Loan would be accelerated and the Property sold at a foreclosure sale.[8] Plaintiff did not cure the default in the time and manner specified.[9] The maturity of the Loan was then accelerated and Plaintiff was provided notice of the acceleration and that the Property would be sold at a foreclosure sale.[10]

The Property went to foreclosure sale on September 7, 2010.[11] BANA was the mortgage servicer of the Note and Deed of Trust (collectively the "Loan") at the time of the foreclosure sale.[12] In addition, the Loan was assigned to BANA.[13] Despite the fact she no longer owns the Property and has never attempted to tender either the debt owed or the amount paid at the foreclosure sale, Plaintiff remains in possession of the Property.[14]

On September 27, 2010, Plaintiff filed suit in the 343rd District Court of San Patricio County, Texas asserting causes of action for wrongful foreclosure, fraud, violations of the Texas Debt Collection Act ("TDCA"), and breach of contract.[15] On or about June 3, 2011, Plaintiff amended her petition, adding Freddie Mac as a party and maintaining the same four causes of action.[16] On August 4, 2011, Freddie Mac removed the case pursuant to 28 U.S.C. §§ 1331, 1442 and 12 U.S.C. 1452(f).[17] On November 16, 2011, Plaintiff again amended her pleading, adding a claim for damages under the Texas Deceptive Trade Practices Act ("DTPA"), pursuant

---

[7] *See* **APPENDIX EXHIBIT 2** at 7, RFA Nos. 14-15.
[8] *See* **APPENDIX EXHIBIT 2** at 8-9, RFA Nos. 18-21, 33, 40; Default Notices, **APPENDIX EXHIBIT 2-C**.
[9] *See* **APPENDIX EXHIBIT 2** at 10, RFA No. 28.
[10] *See* **APPENDIX EXHIBIT 2** at 11, 13, RFA Nos. 31-32, 40.
[11] *See* Third Complaint at 5.
[12] *See* **APPENDIX EXHIBIT 2** at 6, RFA No. 11.
[13] Third Complaint at 3; Appendix Exhibit 2 at 5, RFA No. 8.
[14] *See* **APPENDIX EXHIBIT 2** at 13-14, RFA Nos. 41-47.
[15] *See* Plaintiff's Original Petition, attached to the Notice of Removal (Doc. 1) as Exhibit 1.
[16] *See* Plaintiff's First Amended Original Petition, attached to the Notice of Removal as Exhibit 10.
[17] Notice of Removal at 2.

to a TDCA tie-in provision. Defendants filed motions to dismiss on.[18] On January 24, 2012, the Court granted in part (with respect to the DTPA claim) and took under advisement (with respect to the remaining claims) the motion to dismiss, allowing Plaintiff to re-plead for a third time.[19] On February 3, 2012, Plaintiff filed her Third Complaint, asserting claims for what can be best described as: (1) wrongful foreclosure/trespass to try title;[20] (2) fraud;[21] (3) violation of various provisions of the TDCA;[22] (4) breach of contract;[23] and (5) violation of § 12.002(b) of the Texas Civil Practice and Remedies Code.[24] The breach of contract claim was dismissed on February 6, 2012.[25]

On February 22, 2012, BANA served Plaintiff with written discovery requests, including requests for admission.[26] The deadline for Plaintiff to respond to this discovery, including the requests for admissions, was March 23, 2012. *See* FED. R. CIV. P. 36(a). The deadline was extended by agreement of counsel until April 27, 2012, because Plaintiff would not respond to her counsel's requests for information.[27] Plaintiff's counsel subsequently withdrew from the case due to Plaintiff's failure to respond.[28] As of the date of the filing of this motion, no objection or response has been served by Plaintiff.[29]

---

[18] *See* Defendants' Motions to Dismiss (Doc. 13 and 15).
[19] *See* Order on Motions to Dismiss (Doc. 23).
[20] Third Complaint at 5-9.
[21] *Id.* at 9-12.
[22] *Id.* at 12-14.
[23] *Id.* at 14-15.
[24] *Id.* at 15-16. Plaintiff asserted this new statutory claim in apparent contravention of the Court's directives in the Order on Motions to Dismiss, wherein Plaintiff was given leave only to amend her pleading "to comply with all of the federal pleading requirements with respect to her [existing] causes of action." Orders on Motion to Dismiss at 21.
[25] *See* Supplemental Order on Motions to Dismiss (Doc. 26).
[26] *See* Declaration of Leslie A. Utiger, **APPENDIX EXHIBIT 1** ¶ [3]; **APPENDIX EXHIBIT 2**.
[27] *See* **APPENDIX EXHIBIT 1** ¶ [3]; Plaintiff Kim Elane Hunt's counsel's Motion to Withdraw (Doc. 34) (Motion to Withdraw") ¶1.
[28] *See* Motion to Withdraw (P 1).
[29] See **Appendix Exhibit** 1 ¶ 4.

If a party does not timely serve objections or responses to a request for admission, the matters in the request are admitted as a matter of law. FED. R. CIV. P. 36 (a); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). A matter admitted under Rule 36 is conclusively established. FED. R. CIV. P. 36 (b). A party may therefore rely on the other party's admissions to support a motion for summary judgment. *Hulsey*, 929 F.2d at 171. The other party is then prohibited from rebutting the admissions through affidavits or other summary judgment evidence. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1996).

As a result of Plaintiff's failure to respond to BANA's requests for admission, Plaintiff has admitted each of the facts set forth above. In addition, Plaintiff has also admitted the foreclosure sale was conducted in accordance with the terms of the Loan and applicable law[30] and the Property did not sell for a grossly inadequate sales price;[31]

Based upon these admissions, as well as the absence of any evidence establishing the existence of essential elements to Plaintiff's claims, Barrett Daffin is entitled to summary judgment on each of Plaintiff's causes of action.

## IV.   SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

---

[30] *See* **APPENDIX EXHIBIT 2** at 25, RFA Nos. 84, 85.
[31] *See* **APPENDIX EXHIBIT 2** at 14, RFA No. 50.

248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Anderson*, 477 U.S. at 254-55.

A moving party may discharge its burden at the summary judgment stage "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also* FED. R. CIV. P. 56(c)(1)(B). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113

S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## V. ARGUMENTS AND AUTHORITIES

Barrett Daffin urges the Court to grant it summary judgment on Plaintiff's claims for wrongful foreclosure, trespass to try title, fraud, violation of the TDCA and violation of § 12.002 of the Texas Civil Practice and Remedies Code as no material question of fact exists for trial. Defendant addresses each of Plaintiff's claims below.

### A. Wrongful Foreclosure.

Plaintiff's wrongful foreclosure claim is based on various allegations, including that BANA had allegedly agreed to cancel the foreclosure sale scheduled for September 7, 2010 in light of Plaintiff's pending loan modification application, that Defendants refused to delay the sale to allow Plaintiff to see whether she could obtain money or a bidder for the sale, and that due to the "chilling effect" of not delaying the sale, the property sold for a grossly inadequate sales price.[32] Because the undisputed summary judgment evidence establishes the foreclosure was not wrongful, and in addition, none of the allegations present claims against Barrett Daffin, Defendant is entitled to summary judgment on this claim.

---

[32] Third Complaint at 5-8.

To prove a claim for wrongful foreclosure, Plaintiff must establish following, necessary elements: (1) a procedural defect in the foreclosure proceedings, (2) a grossly inadequate selling price, <u>and</u> (3) a causal link between the procedural defect and the selling price. *See Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1976). In addition, even if Plaintiff can establish these elements, she must also show she is entitled to one of the two available remedies, or her claim is moot.

Here, the undisputed evidence shows no defect in the sale occurred, the first essential element. Plaintiff admits she was in default, was provided with notice of her default, an opportunity to cure it and notice that, if she failed to cure it, the Loan would be accelerated and the Property sold at a foreclosure sale.[33] Plaintiff further admits she did not cure the default and BANA foreclosed the Deed of Trust and sold the Property in accordance with the terms of the Deed of Trust and applicable law.[34] She also admits BANA made no promise to postpone the foreclosure sale.[35] Moreover, Plaintiff admits the Property did not sell for a grossly inadequate price, the third essential element.[36] Thus, Plaintiff cannot establish any defect caused the Property to sell for a grossly inadequate price, the second essential element. Moreover, Plaintiff cannot show any, by any proper summary judgment evidence, that Barrett Daffin performed any of the elements of the alleged wrongful foreclosure. Because Plaintiff cannot establish the necessary elements to a claim for wrongful foreclosure, Defendant is entitled to summary judgment on this claim as a matter of law.

But even if Plaintiff could establish the elements for a wrongful foreclosure, Defendant is entitled to summary judgment because the undisputed evidence shows she is not entitled to either

---

[33] *See* **APPENDIX EXHIBIT 2** at 7-9, 11, 13, RFA Nos. 14-15, 18-21, 33, 40.
[34] *See* **APPENDIX EXHIBIT 2** at 10, 25, RFA Nos. 28, 84, 85.
[35] *See* **APPENDIX EXHIBIT 2** at 17, RFA No. 62.
[36] *See* **APPENDIX EXHIBIT 2** at 14, RFA No. 50.

remedy available for this claim. A plaintiff asserting a claim for wrongful foreclosure "is limited to 'two alternative remedies. [She] may elect to: (1) set aside the void trustee's debt; or (2) recover damages in the amount of the value of the property less indebtedness.'" *Rodriguez v. Ocwen Loan Servicing, Inc.*, No. 4:07-CV-4546, 2008 WL 239652 at *2 n.9 (S.D. Tex. Jan. 29, 2008) (citing *Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied)).

Here, Plaintiff cannot recover damages because she is in possession of the Property.[37] "[R]ecovery [of damages] is premised upon one's lack of possession of real property," therefore "individuals never losing possession of the property cannot recover [damages] on a theory of wrongful foreclosure." *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988 (Tex. Civ. App.—Waco 1935, writ ref'd); *see also Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-916, 2009 WL 1810336 at *4 (N.D. Tex. June 24, 2009) (citing *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)).

Nor may Plaintiff sue to set aside the foreclosure sale because, to do so, she must first show she tendered either the amount due on the Loan or the amount paid at the foreclosure sale. *See Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citation omitted) (to obtain a rescission of a foreclosure sale plaintiff must tender "whatever amount is owed on the note," such a tender being "a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale."); s*ee also Bracken v. Haid & Kyle, Inc.*, 589 S.W.2d 501, 502 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.) (party seeking to set aside foreclosure sale required to tender purchase price to third-party purchaser). Plaintiff admits she did neither.[38]

---

[37] *See* **APPENDIX EXHIBIT 2** at 13, RFA Nos. 42-43.
[38] **APPENDIX EXHIBIT 2** at 13-14, RFA Nos. 46, 47.

Her further suggestion that the foreclosure was procedurally defective because there was allegedly a pending modification is without merit, as it constitutes an impermissible attempt to enforce the provisions of the Home Affordable Modification Program ("HAMP"). The residential mortgage programs under the Troubled Assets Relief Program, including HAMP, do not create a private right of action under which Plaintiff may seek relief. Applicable case law is clear—there simply is "no express or implied right to sue fund recipients . . . under TARP or HAMP." *Aleem v. Bank of America*, No. EDCV-09-1812, 2010 WL 532330, at *4 (C.D. Cal. Feb. 09, 2010); *see also Cade v. BAC Home Loans Servicing, LP*, H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex June 20, 2011) ("[N]o private right of action to enforce lender compliance exists under HAMP."); *Nelson v. Bank of America, N.A.*, Slip Op., 2011 WL 5138591, at *1 (11th Cir. Oct. 31, 2011) ("[N]othing express or implied in HAMP gives borrowers a private right of action."). The vast majority of courts to consider whether borrowers are intended beneficiaries of HAMP have determined that they are not. *See Cade*, 2011 WL 2470733, at *2; *Hoffman v. Bank of America, N.A.*, No C-10-2171-SI, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases); *Nelson*, 2011 WL 5138591, at *1; *Mosley v. Wells Fargo Bank, N.A.*, No. 2:11cv268,—F. Supp. 2d—, 2011 WL 3439243, at *3 (E.D. Va. Aug. 5, 2011); *Cox v. Mortg. Elec. Registration Sys., Inc.*, Civil No. 10-4626, —F. Supp. 2d—, 2011 WL 2600700, at *3 (D. Minn. June 30, 2011); *Melton v. Suntrust Bank*, Civil No. 2:11cv204, —F. Supp. 2d—, 2011 WL 1630273, at *1 (E.D. Va. April 21, 2011); *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010).

Indeed, "[a]s many courts have recognized, it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all

eligible loans, <u>nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries</u>." *Hoffman*, 2010 WL 2635773, at *4 (emphasis added).  Because Plaintiff has no private right action under HAMP, she cannot be allowed to indirectly state a HAMP claim by explicitly basing her wrongful foreclosure on BANA's alleged failure to comply with HAMP requirements.

For all these reasons, Defendant is entitled to summary judgment on Plaintiff's wrongful foreclosure claim.

**B.     Trespass to Try Title.**

Plaintiff's claim for trespass to try title must be denied because the sole basis of that claim lies in her argument the foreclosure was wrongful—a claim which has been shown above to be without evidence or merit.  In addition, Defendant is entitled to summary judgment because she seeks to establish her claim through the alleged weakness of Freddie Mac's title—*i.e.* the claimed invalidity of the foreclosure sale—rather than the strength of her own title.  *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.) ("A plaintiff in a trespass to try title suit [ ] must rely upon the strength of his own title, not upon the weakness of the defendant's.").  Additionally, "[t]o prevail in a trespass-to-try-title action, [a p]laintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).  "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted); *see also Alford v. Wells Fargo Bank, N.A.*, No. 4:10–CV–603, 2011 WL 2728339, at *4 (E.D. Tex. June 14, 2011) (citing *Martin* and rejecting trespass to try title claim

because "Plaintiff does not assert a superior title, and he alleges no facts that would support this claim. Plaintiff merely asserts legal conclusions, and until Plaintiff pleads a proper claim to a superior title, Plaintiff's claim is not plausible."); *Allen v. Chase Home Fin., LLC*, No. 4:11–CV–223, 2011 WL 2683192, at *5 (E.D. Tex. June 10, 2011) (same). Plaintiff failed to plead the strength of her own title, or allege any of the other elements necessary to show her right to trespass to try title.

Finally, Defendant is entitled to summary judgment on this claim because it is merely an attempt to rescind an allegedly wrongful foreclosure without tendering the amount paid by Freddie Mac, which is required to obtain this relief. Normally, in order to obtain a rescission of a foreclosure sale, a plaintiff must tender "whatever amount is owed on the note," such a tender being "a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (citing *Willoughby v. Jones*, 251 S.W.2d 508 (Tex. 1952)); *see also White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484, 2010 WL 4352711, at *6 (N.D. Tex. Nov. 2, 2011). When the property is sold at a foreclosure sale, a plaintiff is required to tender the purchase price paid by the purchaser at the sale in order to set aside the sale. *See Bracken v. Haid & Kyle, Inc.*, 589 S.W.2d 501, 502 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.) (party seeking to set aside foreclosure sale required to tender purchase price to third-party purchaser). Plaintiff has no evidence she has complied with this condition precedent and, in fact, has admitted she has not tendered either the purchase price to Freddie Mac or the amount due and owing on the Loan to BANA or any other entity.[39] Defendant is accordingly entitled to summary judgment on Plaintiff's trespass to try title claim.

C. **Fraud.**

---

[39] **APPENDIX EXHIBIT 2** at 13-14, RFA Nos. 46, 47.

In support of her fraud claim, Plaintiff contends BANA "represented to her that her home could be saved from foreclosure if she agreed to participate in a home modification program."[40] She further asserts "[s]he was promised by [BANA] that her home would not be foreclosed upon while her request for modification was pending and until her modification request had been denied in writing."[41] Not only is her fraud claim not pleaded with the requisite specificity necessary for a fraud-based claim under Federal Rule of Civil Procedure 9(b), Defendant is entitled to summary judgment on this claim because the undisputed evidence establishes Barrett Daffin never made any such representations regarding a loan modification or postponement of the foreclosure sale.

The elements of common-law fraud in Texas are (1) the defendant made a material false representation to the plaintiff with (2) the intention the plaintiff act on it (either knowing the representation was false or recklessly, as a positive assertion, and without knowledge of its truth) (3) under circumstances in which the plaintiff relied on the representation and (4) suffered injury thereby. *See, e.g.*, *In re First Merit Bank*, 52 S.W.3d 749, 758 (Tex. 2001). In addition to the elements, under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must specify the "'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Rule 9(b) further "requires a plaintiff to . . . explain why the statements were fraudulent." *Id.* at 177–78. Moreover, "[t]he plaintiffs must set forth *specific facts* supporting an inference of fraud." *Id*. (internal quotation marks omitted, emphasis in the original).

---

[40] Third Complaint at 9.
[41] *Id.*

Initially, Plaintiff cannot succeed on this claim because none of the allegations, concerning misrepresentation concern Barrett Daffin.[42] Based upon the present allegations, Plaintiff cannot establish the first 3 elements of a claim for fraud against this Defendant.

Based upon the foregoing, the Court should grant summary judgment in favor of Defendant on Plaintiff's fraud claim as no genuine issue of material fact exists for trial.

**D.    TDCA Violations.**

Plaintiff claims Defendant violated various provisions of the TDCA, including §§ 392.304(a)(8), 392.301(a)(8), and 392.304(a)(19).[43] Each of her TDCA claims is based on the allegation that the Defendants sent a notice of substitute trustee's sale on July 30, 2009 "although the property could not have been sold at that time in a foreclosure sale since an order authorizing foreclosure of a home equity loan had not been obtained from a Texas district court."[44] She also premises her § 392.304(a)(8) claim on the contention that BANA "threatened to and did foreclose despite the fact that the regulations promulgated under the Home Affordable Modification Program prohibit foreclosure while a modification application is pending."[45]

Section 392.301(8) prohibits, "[i]n debt collection, a debt collector [from] us[ing] threats, coercion, or attempts to coerce that employ any of the following practices: . . . threatening to take an action prohibited by law[.]" Sections 392.304(a)(8) and (18) provide in pertinent part as follows:

> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
> \*\*\*

---

[42] See Plaintiff's Third Complaint 9-12.
[43] Third Complaint at 12-14.
[44] *Id.* at 12-14.
[45] *Id.* at 13.

(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;

\*\*\*

(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

TEX. FIN. CODE § 392.304.

Plaintiff, however, is without evidence of any threats, coercion, attempts to coerce, misrepresentations, or any other false or deceptive conduct by Defendant. Barrett Daffin is entitled, therefore, to summary judgment on their claim.[46]

Further, to the extent her § 302.301(a)(8) claim is based on BANA's alleged failure to comply with HAMP guidelines by foreclosing while a loan modification application was purportedly pending, this claim fails because, as set forth in detail in Section V.A., above, there is no private right of action under HAMP. Accordingly, Defendant is entitled to summary judgment on Plaintiff's TDCA claims.

### E.  Violation of § 12.002 of the Texas Civil Practice and Remedies Code.

In Plaintiff's final cause of action, asserted for the first time in the Third Complaint, she contends an undated notice of substitute trustee's sale enclosed with a notice of default allegedly sent to her July 30, 2009, constitute "a fraudulent court record and/or a fraudulent claim against real property" in violation of § 12.002 of the Texas Civil Practice and Remedies Code because it was sent prior to "an order from a Texas district court authorizing a foreclosure due to the home equity statutes."[47] Section 12.002 prohibits, *inter alia*, a person from "mak[ing], present[ing], or us[ing] a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property[.]" Thus, in order to succeed on a claim under this section,

---

[46] *See* APPENDIX EXHIBIT 2 at 3, RFA No. 1.
[47] Third Complaint at 16.

Plaintiff must prove the notice of substitute trustee's sale constitutes a "fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property."  This entails two inquiries: (1) are the notices of sale a "court record," "lien" or "claim" against the property; and (2) are the notice of sale "fraudulent."

This claim fails as a matter of law because a notice of substitute trustee's sale does not constitute a "court record," "lien" or "claim"  Clearly, a sale notice cannot be a "court record."  A "court record has the meaning assigned by Section 37.01, Penal Code."  TEX. CIV. PRAC. REM. CODE § 12.001(1).  Section 37.01 of the Texas Penal Code defines "court record" as a "decree, judgment, order, subpoena, warrant, minutes or other document *issued by a court . . .*" TEX. PEN. CODE § 37.01(1)(A)-(F) (*emphasis added*).  The sale notice at issue, which is attached as an exhibit to Plaintiff Hunt's Response to Defendants' Motion to Dismiss (Doc. 19), establishes on its face it was not issued by any court.

Nor could the purported sale notice be considered a lien against the Property.  A "lien" is defined by § 12.001 as "a claim in property for the payment of a debt and includes a security interest." *See also Inesco, Inc. v. Sears*, 567 S.W.2d 827, 829 (Tex. Civ. App.—Beaumont 1978, writ ref'd. n. r. e.) (a lien is an encumbrance against property.); *Garcia v. The Bank of N.Y.*, No. 3:12-CV-0062-D, 2012 WL 692099, *3 (N.D. Tex. Mar. 5, 2012) (holding neither assignment of deed of trust nor substitute trustee's deed constitute "liens" under § 12.001").  But a notice of sale is simply a notice the property is scheduled for sale and is not an encumbrance against property.  Likewise, a notice of sale cannot be considered a "claim" against the Property.  Although not defined by Chapter 12, the plain meaning of the term "claim" is "the assertion of an existing right; any right to payment or to an equitable remedy, even if contingent or provisional." *See* Black's Law Dictionary, Ninth Ed., p. 281-82.  Generally, a notice of sale merely provides record

notice of a planned future action with respect to real property and does not assert any existing right. Such is especially the case where, as here, the purported sale notice is undated, and cannot even be said to provide notice of any planned future action, since the notice did not represent any sale date had been set. Accordingly, Plaintiff's reliance on an undated notice of substitute trustee's sale cannot support a claim for filing a false lien or claim, warranting entry of summary judgment in Defendant's favor.

Nevertheless, even if the sale notices were subject to the act, Plaintiff must do more than show they are a lien or claim against the Property, they must be a *fraudulent* lien or claim against the Property. *See* TEX. CIV. PRAC. REM. CODE § 12.002(a)(1). The term "fraudulent" is not defined in Chapter 12. *See Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 498, 507 (Tex. App.–Houston [1stDist.] 2004, no pet.) (declining to define "fraudulent" with reference to presumptions set out in Section 51.901 of the Texas Government Code); *Walker & Assoc. Surveying, Inc. v. Roberts*, 306 S.W.3d 839 (Tex. App.–Texarkana 2010, n.p.h.) (same). However, the term, as used in Chapter 12, was defined by the Texarkana Court of Appeals as "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." *Walker & Assoc.*, 306 S.W.3d at 849. Plaintiff pleads no facts as to how the sale notices were allegedly fraudulent, stating only that "Defendant has not produced any evidence that it is the Authorized servicer of the Note, or that Defendant is the Holder of the Note AND Deed of Trust Lien" and should therefore not be authorized to foreclose.[48] There is no evidence Defendants made any representations to Plaintiff (or anybody else) to induce Plaintiff (or anybody else) to act to her detriment. Because Plaintiff has not and cannot establish the notice of sale was a "fraudulent" claim against the Property, Defendant's motion for summary judgment must be granted.

---

[48] *Id.* ¶ 10.

## VI. CONCLUSION

For the reasons set forth in this motion, Plaintiff's remaining claims for wrongful foreclosure, trespass to try title, fraud, violation of the TDCA and violation of § 12.002 of the Texas Civil Practice and Remedies Code fail as a matter of law and fact. Defendant respectfully requests the Court enter a final order granting summary judgment in their favor, dismissing all of Plaintiff's claims with prejudice, and granting Defendant any and all other relief to which it may show themselves justly entitled.

Date: May 31, 2012                    Respectfully submitted,

/s/ Eric I. Barrera_____
Eric I. Barrera
Federal Bar No. 33889
Ralph F. Meyer
Federal Bar No. 21194
ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401
(361) 884-8808
(361) 884-7261 (Fax)
***COUNSEL FOR DEFENDANT BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, L.L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2012, a true and correct copy of the foregoing was served via the court's electronic filing system and via certified mail as follows:

| | |
|---|---|
| David E. Fast<br>ATTORNEY-IN-CHARGE<br>11217 Leopard Street, Suite G<br>Corpus Christi, Texas 78410<br>*Attorney for Plaintiff* | C. Charles Townsend<br>Jason D. Clark<br>AKERMAN SENTERFITT, LLP<br>2001 Ross Avenue, Suite 2550<br>Dallas, Texas 75201<br>*Counsel for Defendants*<br>*Federal Home Loan Mortgage*<br>*Corporation and Bank of America*<br>*N.A., successor by merger to*<br>*BAC Home Loans Servicing, LP* |

/s/ Eric I. Barrera
**Of Royston, Rayzor, Vickery & Williams, L.L.P.**